Frost, J.
delivered the opinion of the Court.
It is unnecessary to consider the original grounds of appeal, further than to express the opinion of the Court, that the plaintiff, having produced in evidence the affidavit of the defendant, to prove, by the defendant’s admission, the trespass complained of, thereby also made evidence the defendant’s, declaration, in the same affidavit, of the circumstances which incited him to the violence he committed. When the defendant’s declarations were thus introduced by the plaintiff,, he could not reject or exclude them from consideration. Even-if proof of the circumstances, averred in the affidavit in extenuation of the conduct of the defendant, would have been, inadmissable, if offered by the defendant, the objection was. waived by the act of the plaintiff; and the defendant’s declarations having been thus admitted properly and legally,, should have been allowed to influence the jury in estimating, the damages.
The additional ground of appeal presents an application to the Court for a new trial, because the defendant, by his-agents and friends, endeavored to influence, and did influence the verdict, by imparting evidence, and using solicitation, to one of the jurors. The facts, in support of this application, have been brought to view by the affidavit of the juror,, many months after the verdict was rendered. On this account,. the evidence has been admitted with great hesitation,, and only from a strong impression of the mischievous tendency of the circumstances disclosed. The evidence of the-attempt to influence the juror, is strong. His character,, and *417 that of the witness, who confirms his statement, are above suspicion. The party, charged with improper conduct, has had ample notice of this application, with every opportunity to exculpate himself. The conduct of the defendant in absconding from process, and the deceptive advertisement of his departure for Texas, and oifer of his property for sale, give weight to the charge of unfair practice in the trial of the case; and the influence which, from the delegation to him of the highest political trust the people of his parish can confer, must be attributed to the party, charged with improper conduct, make the example dangerous.
It is very necessary, and has always been the practice of the Court, vigilantly to protect the jury from illicit attempts to bias their verdict. Anciently, when the jurors departed from the bar, in civil as well as in criminal cases, a bailiff was sworn to keep them together, and not to suffer any person to speak with them. Bac. Ab. Tit. Juries, G. This precaution has not, in modern practice, been so strictly enforced; and improper interference with jurors, hy.s been checked by granting a new trial where it has been practised. It is not necessary that the attempt to influence the jurors should be made by one of the parties to the suit, nor by his agent — it is sufficient if it be done in his behalf; nor is it necessary the jurors should, in fact, have been controlled or determined, in the verdict rendered, by anything said or done to influence them. In the case of Knight v. The Inhabitants of Freeport, 13 Mass. 218, a new trial was granted, because one Briggs, after the jury was empannelled and before trial, applied to one of the.jurors, and stated to him that the cause was of great consequence to him, Briggs, because if it went against Knight, he would have to pay the costs, aqd the defending of the action was a spiteful thing. Knight whs not present, and the juror swore that he did not know Knight had any knowledge ofcit. It was said by the Court, “ the attempt to influence the juror was grossly improper, and ought to be discountenanced.” It is not necessary to show that the mind of the juror, thus tampered with, was influenced by the attempt. If he was, there was sufficient cause to set aside the verdict, and if he was not, and the party who has gained the verdict has a good cause, he will still be entitled to a verdict on another trial. In Ritchie v. , 7 Sergt. & Rawle, 458, the verdict was set aside because the foreman of the jury, when they had retired for consultation, said, on the subject of controversy in the case, that the plaintiff had satisfied him of that difficulty, iu a conversation he had with the foreman out of Court, and after the jury had been *418 sworn. In Coster v. Merest, 2 Brod. & Bing., 272, a new trial was granted on an affidavit, which stated that hand bills reflecting on the plaintiff’s character, had been distributed in Court at the time of the trial, and had been seen by the jury; though the defendant denied all knowledge of the hand bills, and the Court refused to receive the affidavits of jurors, that they had not seen the hand bills.
It has been argued that no other facts were communicated to the juror, nor other appeals made to him than were in evidence, and urged in the argument of the case. But it is the solicitation of the juror, or belaboring him, as it is expressed by the old writers, and the exercise of personal influence to affect his decision, which had to be reprobated and suppressed. It is ■ impossible for the Court to know to what extent such appeals, especially when made by persons of large, social and political influence, may operate; and the juror, himself, may be unconscious of the bias which may be given to his judgment, by hope or fear, by the desire to conciliate or the apprehension of resentment. But in this case, the juror says, that, in consequence of his conversation with Johnson, he was more easily reconciled to the surrender of his own opinion of the proper amount of damages, and to acquiesce in a verdict, finding less than he approved.— The remarks of Tilghman, C. J. in Ritchie v. , have great force. He says the holding of conversations with julurs, after they are sworn, is a practice against which the Court should set its face resolutely, and put it down at once. It must be known that a party may lose, but cannot gain by conversation with a juror after he is sworn, unless it be open and by permission of the Court. If the verdict should be against him, it would stand; and if for him, it will be set aside.
The motion is granted.
Richardson, J. O’Neall, J. -Evans, J. Wardlaw, J. and Withers, J. concurred.

Motion granted.